THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLAND AMERICA LINE, N.V. d/b/a HOLLAND AMERICA LINE, N.V., L.L.C., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ORIENT DENIZCILIK TURIZM SANAYI VE TICARET, A.S., d/b/a SEA SONG TOURS, *et al.*,<br><br>Defendants. | CASE NO. C17-1726-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Karen Fedorko Sefer and Defendant Orient America's motion to dismiss Plaintiffs' second amended complaint (Dkt. No. 47). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.  **BACKGROUND**

The underlying facts of this litigation have been detailed in a previous order and will not be repeated here. (Dkt. No. 41 at 1–3.) The Court previously dismissed Plaintiffs' claims against Defendant Sefer and Defendant Orient America because Plaintiffs had not alleged sufficient facts showing that these Defendants could be personally liable for any claims. (*Id.* at 14–15.) The

Court also dismissed Plaintiffs' cause of action titled "Alter Ego Liability and Piercing the Corporate Veil" because piercing the corporate veil is not an independent cause of action. (*Id.* at 15–16.) Plaintiffs subsequently amended their complaint to allege that Defendant Sefer and Defendant Orient America are liable for the breach of contract claims,[1] under a theory of piercing the corporate veil. (Dkt. No. 42 at 20–24.) Plaintiffs further allege that Defendant Sefer is liable for the remaining causes of action,[2] under a theory of piercing the corporate veil, and for tortious interference with a contract. (*Id.* at 24–28.) Defendants Sefer and Orient America move to dismiss all claims against them. (Dkt. No. 47.)

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) Legal Standard

The Court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

---

[1] Plaintiffs allege two breach of contract claims—(1) breach of the alleged extension of the 2014 agreement, and alternatively, (2) breach of the alleged 2015 agreement. (Dkt. No. 42 at 20–24.)

[2] Plaintiffs' remaining causes of action are (1) breach of an implied-in-fact contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) unjust enrichment/restitution/quasi-contract. (Dkt. No. 42 at 24–27.)

**B.     Piercing the Corporate Veil**

Defendants Sefer and Orient America argue that the claims against them should be dismissed because Defendant Orient Turkey is the only potentially liable party and there are insufficient facts to pierce the corporate veil to hold either Defendant Sefer or Defendant Orient America liable. (*See* Dkt. No. 47.) "Washington case law has not clearly defined the circumstances under which a corporation's veil can be pierced." *Exxon Mobil Corp. v. Freeman Holdings of Wash., LLC*, 2011 WL 611705, slip op. at 2 (E.D. Wash. 2011). Generally, however, a plaintiff must make two showings: first, "that the corporate form was used to violate or evade a duty," and second, "that the corporate veil must be disregarded in order to prevent loss to an innocent party." *Chadwick Farms Owners Ass'n v. FHC, LLC*, 207 P.3d 1251, 1262 (Wash. 2009). The first element is satisfied if the corporation is merely an alter ego for the stockholders or if the corporate form is being abused. *See Exxon Mobile*, 2011 WL 611705, slip op. at 3 (explaining that these are not two different doctrines, but instead two ways to establish the first element). Abuse of the corporate form "typically involves 'fraud, misrepresentation, or some form of manipulation of the corporation to the stockholder's benefit and the creditor's detriment.'" *Meisel v. M & N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982) (quoting *Truckweld Equip. Co. v. Olson*, 618 P.2d 1017, 1021 (Wash. Ct. App. 1980)). The second element focuses on the existence of a causal connection—"wrongful corporate activities must actually harm the party seeking relief so that disregard is necessary." *Meisel*, 645 P.2d at 693.

With regard to the first element, Plaintiffs allege a variety of facts, taken as true, that establish a plausible claim of abuse of the corporate form. For example, Plaintiffs allege that Defendant Sefer has acted as though all three Defendants were the same entity (Dkt. No. 42 at ¶¶ 58, 67); Defendant Orient America sometimes paid amounts owed to Plaintiffs by Defendant Orient Turkey (*id.* at ¶¶ 59, 68); Defendants failed to maintain proper capitalization and separation of Defendant Orient America and Defendant Orient Turkey (*id.* at ¶ 60); Defendant

Sefer used corporate finances for her personal expenses (*id.* at ¶ 61); and payments and communications would come from Defendants as if all three Defendants were the same (*id.* at ¶ 59).

With regard to the second element, at this stage of the litigation, it is not clear whether or why Defendants breached any contracts with Plaintiffs. But taking the alleged facts as true, Defendant Sefer's use of corporate funds to pay for personal expenses could have resulted in a corporate loss that caused Defendants to be unable to pay the amounts due on the contracts. (*See id.* at ¶ 61.) Likewise, Defendant Orient America's payments on behalf of Defendant Orient Turkey could have enabled Orient Turkey's undercapitalization, and its subsequent inability to pay the amounts due on the contracts. (*See id.* at ¶¶ 59, 68.) In sum, if Defendants breached a contract with Plaintiffs, why Defendants failed to perform on their contract (which is the harm suffered by Plaintiffs) is not known at this stage of the litigation. Therefore, accepting all of the facts alleged in the complaint as true, as the Court must, Plaintiffs have alleged sufficient facts to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants' motion to dismiss the claims against Defendants Sefer and Orient America on this ground is DENIED.

### C. Tortious Interference Claim

A claim for tortious interference with a contractual relationship or business expectancy requires five elements: (1) a valid contractual relationship or business expectancy; (2) the defendant's knowledge of that relationship; (3) the defendant's intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) the defendant's interference being for an improper purpose or using improper means; and (5) damages. *See Leingang v. Pierce Cty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997). A party cannot tortiously interfere with her own contract. *Reninger v. State Dep't of Corr.*, 951 P.2d 782, 788 (Wash. 1998). Further, an officer of a corporation cannot be held personally liable for tortious interference with the corporation's contractual relations, unless that officer acts in bad faith. *Olympic Fish Prods., Inc. v. Lloyd*, 611 P.2d 737, 739 (Wash. 1980). In this context, bad faith

means that the officer is "pursuing purely personal goals with no intent to benefit the corporation." *Id.*

According to the complaint, either Defendant Sefer is a party to the contract or she is an officer of a corporation that is a party to the contract. (*See generally* Dkt. No. 42.) Only the latter theory is a viable claim. *See Reninger*, 951 P.2d at 788. In order for that claim to prevail, Plaintiffs must have alleged facts showing that Defendant Sefer acted in bad faith, not merely that she acted with an improper purpose. *See Olympic Fish Prods.*, 611 P.2d at 739. Therefore, Plaintiffs have not pled sufficient facts to establish a plausible claim. With regard to the tortious interference claim, Defendants' motion to dismiss is GRANTED.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 47) is GRANTED in part and DENIED in part. Plaintiffs' tortious interference claim is DISMISSED without prejudice and with leave to amend. If Plaintiffs wish to do so, they must file an amended complaint by January 4, 2019. The amended complaint should only fix the deficiencies identified in the tortious interference claim.

DATED this 20th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE