UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLAND AMERICA LINE NV, d/b/a HOLLAND AMERICA LINE, N.V., L.L.C., *et al.*, | CASE NO. C17-1726-JCC |
| | ORDER |
| Plaintiffs, | |
| v. | |
| ORIENT DENIZCILIK TURIZM SANAYI VE TICARET A.S., d/b/a SEA SONG TOURS, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Karen Fedorko Sefer and Defendant Orient America's motion to dismiss Plaintiffs' third amended complaint (Dkt. No. 61). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.     BACKGROUND

The underlying facts of this litigation have been detailed in a previous order and the Court will not repeat them here. (*See* Dkt. No. 41.) Prior to considering the present motion to dismiss, the Court considered Defendants' motion to dismiss Plaintiffs' tortious interference claim and theories of liability premised on piercing the corporate veil. (Dkt. No. 47 at 8–13.) The

Court dismissed Plaintiffs' tortious interference claim with leave to amend and denied

Defendants' motion to dismiss with respect to Plaintiffs' theories of liability premised on

piercing the corporate veil. (Dkt. No. 58 at 5.) Plaintiffs subsequently filed an amended

complaint seeking to cure the deficiencies in their tortious interference claim. (Dkt. No. 59 at

29.) Defendants move for dismissal of Plaintiffs' tortious interference claim and move the Court

to revisit its prior order denying Defendants' motion to dismiss. (Dkt. No. 61 at 15.)

### A.    Federal Rule of Civil Procedure 12(b)(6) Legal Standard

The Court may dismiss a complaint that "fail[s] to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff

pleads factual content that allows the Court to draw the reasonable inference that the defendant is

liable for the misconduct alleged. *Id.* at 678.

A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount

to more than labels and conclusions or a formulaic recitation of the elements of a cause of action.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8

announces does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555).

### B.    Tortious Interference

A claim for tortious interference with a contractual relationship or business expectancy

requires five elements: (1) a valid contractual relationship or business expectancy; (2) the

defendant's knowledge of that relationship; (3) the defendant's intentional interference inducing

or causing a breach or termination of the relationship or expectancy; (4) the defendant's

interference being for an improper purpose or using improper means; and (5) damages. *See*

*Leingang v. Pierce Cty. Med. Bureau*, *Inc.*, 930 P.2d 288, 300 (Wash. 1997). Further, an officer

of a corporation cannot be held personally liable for tortious interference with the corporation's contractual relations unless that officer acts in bad faith. *Olympic Fish Prods., Inc. v. Lloyd*, 611 P.2d 737, 739 (Wash. 1980). In this context, bad faith means that the officer is "pursuing purely personal goals with no intent to benefit the corporation." *Id.* If an officer knows she is not protecting an existing corporate interest, she is acting in bad faith. *Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 215 P.3d 990, 1010 (Wash. Ct. App. 2009).

Plaintiffs' amended complaint asserts that Defendant Sefer was a corporate officer of both Defendant Orient Turkey, as its president, and Defendant Orient America, as its Chief Operating Officer. (Dkt. No. 59 at 29.) Plaintiffs further assert that Defendant Sefer knew that her alleged inducement to breach the parties' contracts would cause the corporate Defendants "legal and financial harm [and] that they would be left with unpaid obligations, lawsuits, significant legal expenses, monetary judgments," and harm to their reputations and identities. (*Id.*) Taking these allegations as true, the Court finds it is plausible that Defendant Sefer knew she was not protecting a corporate interest, but was instead advancing her own interests, when she induced the corporate Defendants to breach their agreements with Plaintiffs. Therefore, Defendants' motion to dismiss Plaintiffs' tortious interference claim is DENIED.[1]

*//*

---

[1] Plaintiffs' tortious interference claim incorporates Paragraphs 1–70 and 98–112, which include allegations that Defendant Sefer was a party to the contracts. (Dkt. No. 59 at 28.) Defendants argue that because Plaintiffs' third amended complaint incorporates these facts, Plaintiffs' tortious interference claim is barred as a matter of law because a person cannot tortiously interfere with contracts to which she is a party. (Dkt. No. 61 at 9–10); *see Reninger v. State Dep't of Corr.*, 951 P.2d 782, 788 (Wash. 1998). Other incorporated allegations indicate Plaintiffs' intent to plead tortious interference in the alternative to their claims that require Defendant Sefer to be a party to the contracts. (Dkt. No. 59 at 20.) Within five days of the date this order is issued, the Court ORDERS Plaintiffs to amend Paragraph 122 to exclude any paragraphs referencing Defendant Sefer as a party to the contracts, including Paragraphs 27, 36, 40, 45, 100, and 102. Plaintiffs are further ORDERED to include text in Paragraph 122 that indicates their intent to treat any incorporated paragraphs' references to "Defendants" as only referring to Defendants Orient America and Orient Turkey.

## C. Piercing the Corporate Veil

Defendants draw the Court's attention to their "observation" that Plaintiffs have not pled facts that establish a connection between Defendants' alleged abuse of the corporate form and harm suffered by Plaintiffs. (Dkt. No. 61 at 15–16.) The Court construes Defendants' request as a motion for reconsideration, which is untimely. *See* W.D. Wash. Local Civ. R. 7(h)(2).

Additionally, Defendants have not met the standard for reconsideration. Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." W.D. Wash. Local Civ. R. 7(h)(1). "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, Case No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)). The Court has previously decided this precise issue, (Dkt. No. 58 at 4), Defendants do not show that the Court committed manifest error in its previous order, and Defendants provide no new facts or legal authority for the Court to consider. Defendants' motion for reconsideration is DENIED.

## II. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 61) is DENIED. Plaintiffs are ORDERED to amend Paragraph 122 of their third amended complaint (Dkt. No. 59) to comport with this order within five days of the date of this order.

DATED this 21st day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE