UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLAND AMERICA LINE, N.V., d/b/a HOLLAND AMERICA LINE, N.V., L.L.C., a Washington limited liability corporation, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ORIENT DENIZCILIK TURIZM SANAYI VE TICARET, A.S., d/b/a SEA SONG TOURS, a Turkish corporation, *et al.*,<br><br>Defendants. | CASE NO. C17-1726-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion to compel (Dkt. No. 78). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion as moot but AWARDS Defendants their reasonable expenses incurred in making the motion, including attorney fees.

I. **BACKGROUND**

On June 3, 2019, Plaintiffs served their initial disclosures. (Dkt. No. 79 at 17.) Those disclosures did not contain computations of the categories of damages Plaintiffs claimed or the documents and other evidentiary material on which Plaintiffs based any such computations. (*See* Dkt. No. 79 at 15.) Instead, Plaintiffs disclosed, "Plaintiffs seek compensatory damages, incidental damages, and consequential damages due to Defendants' breach of contract. These

damages far exceed $75,000. Plaintiffs will provide evidence of the specific amount of their damages at time of and in accordance with the Federal Rules of Civil Procedure 26(f) expert disclosures." (*Id.*)

On September 4, 2019, each Defendant served interrogatories on Plaintiffs asking Plaintiffs to "[d]escribe in full all losses or damages that Seabourn incurred as a result of Defendant's acts or omissions." (*See, e.g.*, *id.* at 26.) Plaintiffs responded by referring Defendants to the fourth amended complaint and by stating that "Plaintiffs are currently assessing the total damages due to Defendants' acts or omissions." (*See, e.g.*, *id.* at 26.) On October 15, 2019, Defendants mailed Plaintiffs a letter stating that Plaintiffs' initial disclosures and responses to interrogatories did not comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii). (*See id.* at 63–65.)

On October 23, 2019, Defendants convened a telephone conference with Plaintiffs to discuss, among other issues, Plaintiffs' obligations under Rule 26(a)(1)(A)(iii). (*See id.* at 2.) During the telephone conference, Defendants agreed that Defendants would not move to compel Plaintiffs to comply with Rule 26(a)(1)(A)(iii) while Plaintiffs supplemented their interrogatory responses. (*Id.* at 2.) Plaintiffs subsequently supplemented their responses on November 4, 2019. (*See, e.g.*, *id.* at 76.) The supplemental response was as follows:

> Although Plaintiffs performed all agreed promotion of Defendants' recommended merchants and wares in 2016 and although throughout 2015 Defendants sent Plaintiffs repeated reports showing monies that were owed by Defendants to Plaintiffs based on sales, Defendants failed and refused to pay Plaintiffs for their 2015 promotional services after learning they had been outbid by another company for the 2016 Shopping Marketing Agreement. The exact amount of loss is currently being calculated and will be provided when evaluations are completed. Discovery is continuing and Plaintiffs reserve the right to supplement this response.

(*Id.*)

After receiving Plaintiffs' response, Defendants sent Plaintiffs a letter on December 11, 2019, stating that Rule 26(a)(1)(A)(iii) entitled them to a computation of damages at the outset of discovery and that Plaintiffs had failed to satisfy that obligation. (*See id.* at 159.) Defendants also

1 convened a telephone conference on December 19, 2019, during which Defendants informed
2 Plaintiffs that they would move to compel Plaintiffs to provide a computation of damages and
3 supporting documents if Plaintiffs did not provide the computation and documents by January 3,
4 2020. (*See id.* at 3.)

Plaintiffs did not provide the computation or documents by January 3, 2020. (*See id.*) Consequently, Defendants filed the instant motion to compel on January 23, 2020. (Dkt. No. 78.) Eight days after Defendants filed their motion, Plaintiffs informally emailed certain documents relating to a computation of damages they were preparing. (*See* Dkt. Nos. 80-1 at 2, 80-2 at 2–3, 80-3 at 2–16.) Plaintiffs then served a supplemental response to Defendants' interrogatories on February 3, 2020—the same day Plaintiffs filed a response to Defendants motion to compel. (*See* Dkt. No. 80-5 at 9.) The supplemental response disclosed a computation of Plaintiffs damages. (*See id.*) Defendants appear to consider the disclosure to be adequate, but they now request their reasonable expenses incurred in bringing their motion to compel. (*See* Dkt. No. 81 at 1–2.)

## II. DISCUSSION

### A. Plaintiffs' Obligations Under Rule 26(a)(1)(A)(iii).

Rule 26(a)(1)(A)(iii) requires a party to disclose without request "a computation of each category of damages claimed by the disclosing party" and "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." The party must make the disclosure "within 14 days after the parties' Rule 26(f) conference . . . unless a party objects during the conference that initial disclosures are not appropriate in this action." Fed R. Civ. P. 26(a)(1)(C). In this case, that conference presumably took place before the status conference held on April 16, 2019, and there is no indication that Plaintiffs objected at the Rule 26(f) conference to providing a computation of damages. *See* Fed. R. Civ. P. 26(f)(1) (requiring parties to hold a Rule 26(f) conference at least 21 days before a scheduling conference); (Dkt. No. 73) (minute entry regarding the April 16, 2019 status conference). Thus, Plaintiffs were required to provide a computation of damages well before

February 3, 2020. Plaintiffs did not do so. Consequently, Plaintiffs violated Rule 26(a).

### B. Defendants' Request for Costs and Fees

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure for appropriate sanctions." Fed. R. Civ. P. 37(a)(1). Ordinarily, "if the disclosure . . . is provided after the motion was filed[,] the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This mandatory fee-payment rule has three exceptions: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure . . . without court action"; (2) "the opposing party's nondisclosure . . . was substantially justified"; or (3) "other circumstances make an award of expenses unjust." *See id.* In the Western District of Washington, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." W.D. Wash. Local Civ. R. 37(a)(1).

Here, Plaintiffs provided the computation of damages and supporting documents after Defendants filed their motion to compel. In addition, none of the exceptions to the mandatory fee-payment rule apply. First, Defendants met and conferred twice via telephone about Plaintiffs' disclosure obligations. (*See* Dkt. No. 79 at 3.) Second, Plaintiffs were not substantially justified in failing for months to provide a computation of damages. The only justification Plaintiffs offer is that they were conducting discovery, (*see* Dkt. No. 80 at 4), but Rule 26(a)(1)(A)(iii)'s purpose is to ensure that defendants receive a preliminary damages estimate at the outset of litigation—before discovery has commenced. *See BBC Group NV LLC v. Island Life Rest. Group LLC*, Case No. C18-1011-RSM, Dkt. No. 43 at 4–5 (W.D. Wash. 2019). Finally, there are no circumstances that would make an award of expenses unjust. Plaintiffs are sophisticated business entities that are more than capable of complying with Rule 26(a)'s initial disclosure requirements.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to compel (Dkt. No. 79) as moot but AWARDS Defendants' reasonable expenses incurred in making the motion, including attorney fees. Defendants shall submit their application for attorney fees to the Court within 14 days of the date this order is issued.

DATED this 7th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE